UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TODD MCELROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-020 |
| | ) | |
| GEORGIA DEPARTMENT OF HUMAN RESOURCES, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court granted *pro se* plaintiff Todd McElroy's request to proceed *in forma pauperis*. Doc. 6. It also noted that his Complaint failed to state any claim upon which relief could be granted and gave him an opportunity to file an Amended Complaint. *Id.* at 5-6. He has complied with that direction. *See* doc. 7. The Court, therefore, proceeds to screen the Amended Complaint. *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

McElroy's Amended Complaint is, if anything, less clear than his original Complaint.  The factual allegations included are almost identical to the original, insufficient, allegations.  *Compare* doc. 1 at 4, *with* doc. 7 at 5.  The Amended Complaint alleges, unedited and in full:

> Sav. Tech. College of Human Resource policy never had a job advertisement in Prohibited Employment Policies/Practices. GA of Dept. Human Resources policy #401 violated Section D & M under the law enforced by EEOC, it is illegal for an employer to publish a job advertisement that shows a preference for or a discourages someone from applying for a job because of his or her disability in Prohibited Employment Policies/Practices.  Plaintiff Todd McElroy counted in his own

> court papers that the language of the ADA allows for him to be 'disabled' and therefore subject discrimination on that basic to sue Human Resources that has violated the law. Without lawsuit, GA Dept. of Human Resources would have no incentive to comply the ADA.

Doc. 7 at 5. He seeks $100,000 in damages. *Id.* at 6. Unlike the original Complaint, there is nothing included or incorporated that even suggests what "policy #401" or "Section D & M" are. *See generally* doc. 7. Even if the Court considered the documents attached to the original Complaint, the source of those documents remains completely obscure. *See* doc. 1 at 7-8.

The ADA prohibits covered entities from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees . . . ." 42 U.S.C. § 12112(a). To plead a discrimination claim, a plaintiff must allege "he (1) is disabled, (2) is a 'qualified' individual, and (3) was subject to unlawful discrimination because of his disability. A qualified individual is someone who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Middlebrooks v. Swift Transp. Co.*, 2022 WL 4543168, at *3 (M.D. Ga. Sept. 28, 2022). McElroy's submission of the

3

form employment discrimination complaint addresses the ambiguity in his original allegation of disability. It clearly alleges that he is deaf. Doc. 7 at 4; *see, e.g., Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998) (citing 42 U.S.C. § 12201(a)) (noting that hearing is included among an illustrative list of functions, the impairment of which constitute a "disability" under the ADA). There is nothing in the Complaint, however, that could be construed as alleging that he is qualified for some unspecified position or that he was discriminated against. He has, therefore, failed to state any claim upon which relief can be granted.[1]

---

[1] The Court also notes that "[g]enerally, the plaintiff must allege in the complaint filed in his lawsuit that he has met the prerequisites of a valid and timely-filed EEOC charge." *Rizo v. Alabama Dept. of Human Resources*, 228 F. App'x 832, 836 (11th Cir. 2007). McElroy has completely omitted to respond to the form complaint's prompts concerning exhaustion. *See* doc. 7 at 5. Moreover, "[i]t is well settled that Congress has not validly abrogated the Eleventh Amendment immunity of the states for claims brought under Title I of the ADA." *Williams v. Allen*, 2023 WL 2977366, at *2 (N.D. Ga. Apr. 17, 2023) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001)). Despite naming the Georgia Department of Human Resources as the sole defendant, doc. 7 at 2, McElroy now names the allegedly discriminatory employer as Savannah Technical College, *id.* at 3. To the extent that McElroy is attempting to relitigate issues from his earlier cases, *see McElroy v. Savannah Technical College*, CV416-046, doc. 3 (S.D. Ga. May 25, 2016), *adopted* doc. 6 (S.D. Ga. June 20, 2016); *McElroy v. Savannah Technical College*, CV416-206, doc. 5 (S.D. Ga. Aug. 22, 2016), *adopted* doc. 7 (S.D. Ga. Oct. 26, 2016), he alleges that the discriminatory conduct occurred in 2012, *see, e.g.,* CV416-046, doc. 1-1 at 2. Any claim based on those allegations under the ADA would appear to be time-barred. *See, e.g., Kennedy v. S. Univ.*, 2022 WL 628541, at *4 (S.D. Ga. Mar. 3, 2022) (noting that the statute of limitations for some ADA claims is two years). Since the Court is unable to discern the exact nature of McElroy's claims, it is unable to conclude whether or how either of those issues affect them.

Because McElroy's Amended Complaint, doc. 7, fails to state any claim upon which relief can be granted, it should be **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B)(ii). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA